IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TERESSA S. JOHNSON, | ) | 8:06CV586 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon Plaintiff's application for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Filing 19.) The application requests that a payment of $4,318.43 be made directly to Plaintiff's attorney. This sum represents 25.8 hours of work by Plaintiff's attorney, at an average hourly rate of $167.38.[1] The Commissioner does not object to the amount of the fee application, but does object to paying Plaintiff's attorney directly.

The court has determined that Plaintiff was indeed the prevailing party in this action, as the Commissioner's decision was reversed and matter remanded for further proceedings; that the application for fees was filed in a timely fashion; and that the position of the Commissioner was not substantially justified. Plaintiff therefore is entitled to an award of reasonable attorney fees.

With regard to the method of payment, the Commissioner correctly notes that "[t]he EAJA directs that a court shall award '*to a prevailing party* other than the

---

[1] This average hourly rate equals the statutory maximum of $125.00, adjusted on a monthly basis to account for inflation since March 1996.

United States' attorney's fees and other expenses 'incurred by that party in a civil action.' 28 U.S.C. § 2412(d)(1)(A) (emphasis added)." (Filing 23, at 1.) "When a statute awards attorneys' fees to a party, the award belongs to the party, not to the attorney representing the party." *United States v. McPeck*, 910 F.2d 509, 513 (8th Cir. 1990). Consequently, unless it has been shown that the plaintiff in a Social Security appeal has expressly authorized a direct payment to his or her attorney, I will not order such a method of payment.[2] Because there is no evidence in this case that Plaintiff has consented to her attorney's request for direct payment, the Commissioner's objection is well-taken.

Plaintiff's application also requests reimbursement of the $350.00 filing fee. That request will be denied without prejudice to Plaintiff filing a verified bill of costs as required by NECivR 54.1(b).

IT IS ORDERED that:

1.   Plaintiff's application for attorneys fees pursuant to the Equal Access to Justice Act (filing 19) is granted, except that the payment thereof shall be made to Plaintiff rather than to Plaintiff's attorney.

2.   Plaintiff's request for reimbursement of costs is denied without prejudice.

3.   By separate document, the court shall enter judgment for Plaintiff and against Defendant, providing that Plaintiff is awarded attorney fees of $4,318.43.

November 27, 2007.                    BY THE COURT:

                                                                s/ *Richard G. Kopf*

---

[2] The Commissioner states that it is his practice to send EAJA payments, in the plaintiff's name, to the attorney's office. (Filing 23, at 2.) This is a proper practice.

United States District Judge